IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:25-HC-02004-BO

| | |
|---|---|
| KEITH CURETON, JR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| LESLIE COOLEY-DISMUKES, ) | |
| ) | |
| Respondent. ) | |

Keith Cureton, Jr. ("petitioner"), a state inmate, petitioned this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the validity of an A-04 disciplinary conviction. The matter is before the court on petitioner's motion for reconsideration of the court's November 10, 2025, order denying his "Motion for Spoliation Sanctions and/or to compel petitioner's full prison disciplinary packet for A-04 conviction," motion requesting the appointment of counsel, and motion for leave to conduct discovery (DE 34). The matter also is before the court on petitioner's motion for an extension of time to respond to respondent's motion for summary judgment (DE 34). Respondent did not respond to petitioner's motions.

Pursuant to Rule 54(b), in the absence of an express order directing final judgment as to certain claims or parties:

> [A]ny order or other decision, however designated, that adjudicates fewer than all of the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). Under this rule, "a district court retains the power to reconsider and modify its interlocutory judgments, including partial summary judgments, at any time prior to final judgment when such is warranted." Am. Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 514-515 (4th Cir. 2003) (citing Fayetteville Investors v. Commercial Builders, Inc., 936 F.2d 1462, 1469 (4th Cir. 1991)).

"Motions for reconsideration of interlocutory orders are not subject to the strict standards applicable to motions for reconsideration of a final judgment." Id. at 514. Rather, the resolution of such motion is "committed to the discretion of the district court." Id. at 515. As a means of guiding that discretion, courts have looked to "doctrines such as law of the case," under which a prior dispositive order must be followed unless "(1) a subsequent trial produces substantially different evidence, (2) controlling authority has since made contrary decision of law applicable to the issue, or (3) the prior decision was clearly erroneous and would work manifest injustice." Id. (quoting Sejman v. Warner-Lambert Co., Inc., 845 F.2d 66, 69 (4th Cir. 1988)).

To the extent plaintiff seeks reconsideration of the court's denial of his motion for spoliation sanctions or to appoint counsel, the motion is DENIED.

The court next turns to petitioner's motion seeking reconsideration of the court's denial of his motion seeking discovery. Specifically, petitioner seeks the opportunity to discover any video evidence related to his A-04 disciplinary conviction. Petitioner has "[a] qualified right to access and compel consideration of any video surveillance evidence of the incident giving rise to his loss of good-time credits." Lennear v. Wilson, 937 F.3d 257, 279 (4th Cir. 2019). For good cause shown, the court GRANTS petitioner's motion for reconsideration as to this issue. Based upon the foregoing, respondent's pending motion for summary judgment is DENIED without prejudice

2

and petitioner's motion for an extension of time to respond to respondent's motion for summary judgment is DENIED as MOOT.

In summary, petitioner's motion for reconsideration (DE 34) is GRANTED in part and DENIED in part. The motion is GRANTED as to petitioner's request for the opportunity to conduct discovery to review video evidence. The remainder of the motion for reconsideration is DENIED. Respondent is DIRECTED to make arrangements for petitioner to view any videos pertinent to his A-04 disciplinary conviction at petitioner's current place of incarceration within 14 days of this court's order. Respondent is DIRECTED to file a notice with the court indicating that petitioner has been provided the opportunity to view the video evidence. The parties have an additional opportunity to file dispositive motions contemplating the video evidence. The dispositive motions deadline is March 2, 2026. Respondent's motion for summary judgment (DE 18) is DENIED without prejudice and petitioner's motion for an extension of time to respond to respondent's motion for summary judgment (DE 34) is DENIED as MOOT. The Clerk of Court is DIRECTED to send petitioner copies of (DE 1, 25, 29, 30, 34).

SO ORDERED, this the 26 day of January, 2026.

*Terrence Boyle*
TERRENCE W. BOYLE
United States District Judge

3